# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1590V

| | |
|---|---|
| BRENT STAMM,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: December 11, 2024 |

*Braden Andrew Blumenstiel*, The Law Office of DuPont & Blumenstiel, Dublin, OH, for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 13, 2020, Brent Stamm filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination he received on November 15, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 1, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On December 10, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $47,500.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $47,500.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BRENT STAMM,<br><br>             Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>             Respondent. | No. 20-1590V (SPU)<br>Chief Special Master Corcoran<br>ECF |

## PROFFER ON AWARD OF COMPENSATION

On July 18, 2023, petitioner filed a Motion for Fact Ruling, requesting that the Chief Special Master find that he is entitled to compensation under the Vaccine Act, 42 U.S.C. § 300aa-1 *et seq*., for shoulder injury related to vaccine administration ("SIRVA"), an injury listed in the Vaccine Injury Table of, 42 C.F.R. § 100.3(a), (c)(10). ECF No. 37 ("Motion"). Respondent filed his Response to Petitioner's Motion on October 17, 2023, recommending that entitlement to compensation be denied, and petitioner filed a Reply on December 11, 2023. ECF Nos. 40, 43. On October 1, 2024, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.[1] ECF No. 44.

**I.**  **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $47,500.00, which represents all elements of compensation to which petitioner would be entitled

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's October 1, 2024, entitlement decision.

under 42 U.S.C. § 300aa-15(a).[2]  Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $47,500.00, in the form of a check payable to petitioner.  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

/s/ Alexa Roggenkamp
ALEXA ROGGENKAMP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 616-4179
alexa.roggenkamp@usdoj.gov

Dated:  December 10, 2024

---

[2] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.