# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1590V

| | |
|---|---|
| BRENT STAMM,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 29, 2025 |

*Braden Andrew Blumenstiel, The Law Office of DuPont & Blumenstiel, Dublin, OH, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 13, 2020, Brent Stamm filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccination he received on November 15, 2017. Petition, ECF No. 1. On December 11, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 49.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $48,875.94 (representing $47,869.50 in fees plus $1,006.44 in costs). Motion for Attorney's Fees, filed on January 28, 2025. ECF No. 53. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. ECF No. 53 at 3.

Respondent reacted to the motion on February 11, 2025, reporting that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-4, ECF No. 54. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find reductions in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*a. Hourly Rates*

Petitioner requests that I apply the rate of $350.00 for all work performed by his attorney Braden Blumenstiel in the 2021-24 timeframe. This proposed rate, however, requires adjustment.

Mr. Blumenstiel was previously awarded *lesser* rates than requested herein. *See, e.g., Segal* v. *Sec'y of Health & Human Servs.,* No. 18-0809V, 2023 WL 2645836 (Fed. Cl. Spec. Mstr. Mar. 27, 2023) (awarding Mr. Blumenstiel $225.00 for work performed in 2020-22)*; Kindberg* v. *Sec'y of Health & Human. Servs.,* No. 21-1940V, Slip Op. 57 (Fed. Cl. Spec. Mstr. January 22, 2025) (awarding Mr. Blumenstiel $275.00 for work performed in 2023-24). I find no reason to deviate from these reasoned determinations and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Human. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce Mr. Blumenstiel's rate for years 2021-24 to be consistent with the decisions. **Application of the foregoing reduces the amount of fees to be awarded herein by $8,065.00**.[3]

Additionally, a few of the tasks performed by Mr. Blumensteil are more properly billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $472.10.**[5]

---

[3] This amount is calculated as follows: ($350.00 - $225.00 = $125.00 x 22.70 hours billed between 2020-22) + ($350.00 - $275.00 = $75.00 x 69.70 hours billed between 2023-24) = $8,065.00.

[4] These entries, drafting basic documents such as an exhibit list, notice of filings, statement of completion, joint notice not to seek review, and election to accept judgment are dated as follows: 11/30/20, 1/29/21, 7/6/21, 6/1/23 (two entries), and 7/6/23 ( 1.0 out of 2.0 hours billed). ECF No. 53 at 35-36, 40-41.

[5] This amount consists of ($225 - $163) x 1.0 hrs. + ($225 - $172) x 2.7 hrs.+ ($275 - $186) x 3.0 hrs.= $472.10.

*b. Hours Billed*

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing to be excessive. *See* Petitioner's Motion for Fact Ruling, filed July 18, 2023, ECF No. 37; Petitioner's Reply Brief in Support of His Motion for Fact Ruling, filed Dec. 11, 2023, ECF No. 43. Petitioner's counsel expended 19.6 hours drafting the initial brief and 30.7 hours drafting the reply brief, for a total of 50.3[6] hours. ECF No. 53 at 39, 42-44.

My above calculation does not include time spent performing research and preparing the initial demand which would have informed this later work, and I am therefore awarding fees associated with that task in full. ECF No. 53 at 16-25. Nor am I counting communicating with Petitioner, analyzing and preparing additional supporting damages documentation such as medical records, diary entries, and affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 53 at 42 (entries dated 7/14/23 and 7/17/23).

It is unreasonable for counsel to spend so much time briefing entitlement – specifically situs, where the issue presented is not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[7] in which attorneys have accomplished this task in about half the time.[8]

---

[6] These totals are calculated as follows: 50.3 hours billed on 5/17/23 (two entries), 7/14/23, 7/18/23 (two entries), 10/24/23, 11/27/23, 12/8/23, 12/10/23, and 12/11/23 by Braden Blumensteil, a rate of $275.00 (having been already reduced from $350.00).

[7] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[8] *See,* e.g., *Proctor v. Sec'y of Health & Hum. Servs.*, No. 20-1236V (June 20, 2025) (14.0 and 7.9 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *White v. Sec'y of Health & Hum. Servs.*, No. 19-1886V (June 20, 2025) (11.0 and 7.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Ritter v. Sec'y of Health & Hum. Servs.*, No. 20-2013V (Jan. 31, 2025) (11.1 and 3.3 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Portock v. Sec'y of Health & Hum. Servs.*, No. 21-1653V (Jan. 17, 2025) (15.7 and 6.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Mullur v. Sec'y of Health & Hum. Servs.*, No. 21-0842V (Jan. 10, 2025) (10.9 and 9.1 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Fletcher v. Sec'y of Health & Hum. Servs.*, No. 20-0127V (Apr. 25, 2024) (12.7 and 9.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Lamine v. Sec'y of Health & Hum. Servs.*, No. 20-1560V (Mar. 27, 2024) (8.9 and 7.2 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Davenport v. Sec'y of Health & Hum. Servs.*, No. 20-0206V (Mar. 25, 2024) (16.5 and 2.6 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Graczyk v. Sec'y of Health & Hum.*

Of course, having prevailed in this case, a fees award is generally appropriate. *Stamm v. Sec'y of Health & Hum. Servs.,* No. 20-1590V, 2024 WL 4678224 (Fed. Cl. Spec. Mstr. Oct. 1, 2024) But the Act permits only an award of a *reasonable amount of* attorney's fees. And the only issue being contested was severity. *Id.* at *1; *see* Section 11(c)(1)(D)(i) (Vaccine Act's six-month severity requirement). Thus, the circumstances of this case did not warrant devoting so much time to briefing. Accordingly, I will reduce the sum to be awarded for entitlement damages briefing (**a total of 50.3 hours, or $13,832.50)** by *thirty percent.* Such an across-the-board reduction (which I am empowered to adopt)[9] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $4,149.75.**[10]

## ATTORNEY COSTS

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $1,006.44 in overall costs comprised of acquiring medical records and the Court's filing fee. ECF No. 53 at 46-47. I have reviewed the requested costs, but find that Petitioner's counsel has not substantiated them with the required supporting documentation, such as an invoice for each cost claimed or proof of payment.

---

*Servs.*, No. 21-0376V (Feb. 9, 2024) (5.8 and 8.3 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Sisneros v. Sec'y of Health & Hum. Servs.*, No. 20-2070V (Feb. 8, 2024) (0.8 and 10.5 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Strand v. Sec'y of Health & Hum. Servs.*, No. 20-0365V (Feb. 5, 2024) (7.9 and 7.2 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Griswold v. Sec'y of Health & Hum. Servs.*, No. 19-1674V (May 30, 2024) (5.0 and 2.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *McCallum v. Sec'y of Health & Hum. Servs.*, No. 19-1991V (May 19, 2023) (8 hours billed for drafting an entitlement brief); *Weso v. Sec'y of Health & Hum. Servs.*, No. 19-0596V (May 16, 2024) (6.0 and 1.1 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Aug. 28, 2025).

[9] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[10] This amount is calculated as follows: 50.3 hrs. x $275.00 x .30 = $4,149.75.

*Id.* at 46-47. Before reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 72-74 (emphasis added).[11]

When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Nevertheless, I will allow reimbursement for the Court's filing fee of $402.00, since the fact of that expense is clearly substantiated by the case's docket report, but I disallow reimbursement for all other unsubstantiated costs. **Application of the foregoing reduces the total amount of litigation costs to be awarded by $604.44.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$35,584.65 (representing $35,182.65 in fees plus $402.00 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[12]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[11] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

[12] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.